# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 CR 304-2 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| OMRAN ISMAIL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On July 27, 2016, the Government indicted Defendant Omran Ismail on charges of conspiracy to make a straw purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6), and smuggling firearms onto an airplane, in violation of 18 U.S.C. § 922(e) (Count I), and making a straw purchase, also in violation of 18 U.S.C. § 922(a)(6) (Count II). Following a three-day trial, on May 1, 2019, a jury found Ismail guilty on both counts. Ismail now moves for a judgment of acquittal, or alternatively, a new trial [141]. Ismail argues that the Court improperly declined to give his requested theory of defense jury instruction, admitted the testimony of Jason Zielinski regarding Ismail's inquiry into purchasing as many as thirty-six AR-15 rifles, and changed the "and" in Count I of the indictment to "and/or" in the jury instructions. Because the Court finds that it did not improperly instruct the jury or admit evidence, the Court denies Ismail's motion for a judgment of acquittal, or alternatively, a new trial.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 29 allows a defendant to challenge whether the evidence after the close of the Government's case or after the close of all evidence is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A motion for acquittal should be

granted only where the evidence is insufficient to sustain a conviction." *United States v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017) (citation omitted) (internal quotation marks omitted). The Court will only overturn the jury's verdict if "after viewing the evidence in the light most favorable to the Government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (quoting *United States v. Campbell*, 770 F.3d 556, 571–72 (7th Cir. 2014)). "When a defendant has introduced evidence in his own defense at trial, we examine the evidence as a whole, including that presented by the defendant." *United States v. Wilson*, 879 F.3d 795, 802 (7th Cir. 2018). "When challenging a conviction based on sufficiency of the evidence, a defendant bears a 'heavy' burden that is 'nearly insurmountable.'" *Kohli*, 847 F.3d at 489 (quoting *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)).

Federal Rule of Criminal Procedure 33 allows "a district court to grant a timely request for a new trial 'if the interest of justice so requires.'" *United States v. O'Malley*, 833 F.3d 810, 811 (7th Cir. 2016) (quoting Fed. R. Crim. P. 33(a)). Courts look at the weight of the evidence, including the credibility of witnesses, to determine "whether the verdict is against the manifest weight of the evidence." *United States v. Washington*, 184 F.3d 653, 657–58 (7th Cir. 1999). The Court should grant a new trial only if the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (alteration in original) (quoting *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)).

## ANALYSIS

**I.      Theory of Defense Instruction**

A defendant is generally entitled to a theory of defense instruction if: (1) the instruction is a correct statement of the law; (2) the evidence supports the instruction; (3) the theory of defense is not part of the charge to the jury; and (4) the denial of the instruction would deprive the defendant of a fair trial. *United States v. Fadden*, 874 F.3d 979, 982 (7th Cir. 2017). While Ismail's proposed theory of defense instruction is an accurate statement of the law, it fails on the third and fourth factors.

Ismail requested the following instruction:

> If a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

The requested instruction is substantially similar to Seventh Circuit Pattern Criminal Jury Instruction 5.07(b), and like the "mere presence" pattern instruction 5.07(a), courts typically give it "where a defendant charged with a substantive crime, such as assault or possession of narcotics, alleges that although he was present at the scene of the crime, he was not a participant in the criminal activity." Pattern Criminal Jury Instructions of the Seventh Circuit at 65–66 (2012). It can also be given in situations where the defendant alleges that he "furnishe[d] supplies or services to someone engaged in a conspiracy" but is not guilty of the conspiracy even though his actions may have furthered the object of the conspiracy because he had no knowledge of the conspiracy. *Id*. (citing *United States v. Manjarrez*, 258 F.3d 618, 626–27 (7th Cir. 2001).

With this in mind, the Court turns to the second factor and evaluates whether the evidence supports the instruction. The Court notes at the outset that neither party requested the transcript of this trial and instead the parties speak in generalities about what the evidence

3

showed. The parties agree, however, that the evidence established that Ismail went with co-defendant Ola Sayed to purchase guns, Ismail inquired about purchasing rifles in bulk, that Ismail purchased four handguns and certified that he was the actual purchaser, that Ismail gave the guns he purchased to Sayed, that Ismail and Sayed called and texted each other, and that Ismail showed up at the airport after Sayed was arrested with the guns he purchased. While the Court would prefer to reference specific evidence in the trial transcript, the Court acknowledges that the evidence may support the instruction.

What is clear, however, is that Ismail's proposed instruction fails to satisfy the third and fourth factors. "[A] district court's refusal to give a mere presence instruction does not deny the defendant a fair trial if the jury could not convict him without finding that the defendant had the requisite 'knowledge' to complete the crime." *United States v. Vargas*, 689 F.3d 867, 878 (7th Cir. 2012) (citing *United States v. James*, 464 F.3d 699, 707 (7th Cir. 2006)). Here, the charge to the jury required that the Government prove beyond a reasonable doubt that Ismail knowingly joined the conspiracy and was aware of its goals. Doc. 135 at 18 ("the government must prove each of the three following elements beyond a reasonable doubt: . . . 2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy"), 20 ("The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy. The defendant is not a member of a conspiracy just because he knew and/or associated with Ola Sayed."). By these instructions, the jury could not find Ismail guilty without finding that he had knowingly joined the conspiracy and intended to advance it. The Court thus finds Ismail's proposed instruction duplicative of the instruction the Court ultimately provided the jury. In declining to give the jury his instruction outlining his theory of defense, the Court did not deny Ismail a fair trial because the given

4

instruction already contained his theory of defense so his proposed instruction would not have added anything more to the jury's consideration – the jury understood that his mere association with Ola Sayed was not enough to convict him of conspiracy.

Because the jury instruction given by the Court included Ismail's theory of defense and the Court's decision to give that instruction rather than Ismail's proposed instruction did not deny him a fair trial, the Court finds that it did not commit error that warrants a judgment of acquittal or a new trial. *United States v. Johnson*, 750 F. App'x 475, 478 (7th Cir. 2018) (finding court did not commit error in declining to give theory of defense instruction where defendant failed to show that defense was not part of Government's charge or that he was denied fair trial).

## II.    AR-15 Testimony

Next, Ismail argues that the Court erred in allowing Jason Zielinski, the owner of the gun shop at which Ismail bought four handguns, to testify about Ismail's inquiry into purchasing as many as thirty-six AR-15 rifles. Ismail first moved to preclude this evidence *in limine*. Doc. 116. In denying Ismail's motion, the Court ruled that this evidence was "relevant to and highly probative of his knowledge and intent to engage in the conspiracy to smuggle firearms." Doc. 125 at 4. The Court reasoned that Ismail's inquiry was damaging, but not unfairly prejudicial. *Id.* (citing *Vargas*, 552 F.3d at 557 ("[M]ost relevant evidence is, by its very nature, prejudicial . . . [but] evidence must be unfairly prejudicial to be excluded."); *United States v. Boros*, 668 F.3d 901, 909 (7th Cir. 2012) ("The more probative the evidence, the more the court will tolerate some risk of prejudice")). The Court stands by its ruling that this evidence was highly relevant and direct evidence of Ismail's state of knowledge and intent to engage in the conspiracy to smuggle firearms. *United States v. Adams*, 628 F.3d 407, 414 (7th Cir. 2010) ("[E]vidence

directly pertaining to the defendant's role in a charged conspiracy is not excluded by Rule 404(b)." (citation omitted)).

At trial, the Government attempted to alleviate some of the potential prejudice of Zielinski's testimony by instructing him not to use the phrase "AR-15" because of its potential to inflame the jury. Upon learning this, Ismail's attorney accused the Government of suborning perjury. After the Court gave him an opportunity to reconsider his position on this issue, Ismail's attorney reiterated that the Government was attempting to alter Zielinski's testimony and suborn perjury. In accordance with his wishes, the Court ordered the Government not to instruct Zielinski to avoid the phrase "AR-15." Ismail has presented no new argument, facts, or law as to why or how the Court erred in admitting this evidence, except to say: "during cross examination of Jason Zielinski, this testimony turned out to be factually inaccurate as [sic] admitted that Ismail did use the name 'AR-15' and did not know that the rifles were in fact this deadly rifle." Doc. 141 at 3. After the Court's best attempt to decipher this argument, the Court simply notes that there is no reference whatsoever to the testimony itself or case law that indicates that the Court committed an error. *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("We have repeatedly warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." (citation omitted)).

Nevertheless, by the Court's best guess, Ismail argues that Zielinski's testimony is inaccurate or presents competing testimony between Zielinski and Ismail. However, the issues of witness credibility, the resolution of evidentiary conflicts, and inferences that the jury could draw from the evidence presented by the parties, are issues that remain within the jury's exclusive domain. *United States v. Pope*, 739 F.2d 289, 291 (7th Cir. 1984) (the jury has the "exclusive authority to assess the witnesses' credibility, resolve evidentiary conflicts and draw

6

reasonable inferences from the evidence presented"). Furthermore, Ismail had ample opportunity on cross examination to attack Zielinski's credibility.

Because the Court properly admitted Zielinski's testimony and because Ismail offers only perfunctory and undeveloped arguments, the Court finds that there is no basis for entering a judgment of acquittal or ordering a new trial.

## III. Disjunctive Jury Instruction

Finally, Ismail argues that the Court erred by instructing the jury with the disjunctive "and/or," stating that they need only find that Ismail conspired to commit at least one of the two goals of the charged conspiracy but not both. Specifically, the Court instructed the jury that "the government is not required to prove that the defendant conspired to commit both of these offenses. However, the government is required to prove that the defendant conspired to commit at least one of the following offenses: [making a straw purchase] *and/or* [smuggling firearms onto an airplane]." Doc. 135 at 21 (emphasis added). The indictment charged that Ismail and Sayed "did conspire with each other to commit an offense against the United states, namely: [making a straw purchase] *and* [smuggling firearms onto an airplane]." Doc. 51 at 3 (emphasis added). Ismail made this argument several times before, during, and now after trial. Each time, the Court asked him to brief the issue with citations to pertinent legal authority. Ismail did not do so, nor does his argument in this motion contain any such citations. As such, Ismail has waived this argument. *Holm*, 326 F.3d at 877 ("We have repeatedly warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." (citation omitted)); *United States v. Fechete*, No. 06 CR 923-1, 2008 WL 4200286, at *1 (N.D. Ill. Sept. 10, 2008) ("[A] movant under Rules 29 and 33 bears the responsibility of developing

7

his arguments and presenting the court with adequate grounds and authority to grant the relief requested." (citation omitted)).

Nevertheless, the Court finds that it accurately instructed the jury in this case. "When a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *Griffin v. United States*, 502 U.S. 46, 56, 112 S. Ct. 466, 116 L. Ed. 2d 371 (1991) (citing *Turner v. United States*, 396 U.S. 398, 420, 90 S. Ct. 642, 24 L. Ed. 2d 610 (1970)). "This rule extends to a trial court's jury instructions in the disjunctive in the context of a conjunctively worded indictment." *United States v. Durman*, 30 F.3d 803, 810 (7th Cir. 1994); *see United States v. Jones*, 418 F.3d 726, 730 (7th Cir. 2005) (finding indictment charging that Jones "used, carried, brandished, and discharged a firearm" was not constructively amended by jury instructions stating that a finding of guilt would be appropriate if Jones "knowingly used or carried a firearm . . . [which] use may include brandishing, displaying, making reference to a firearm in the defendant's possession, or firing a firearm.").

Because the Court properly used the disjunctive "and/or" in its instructions to the jury and Ismail failed to develop his arguments, the Court finds that there is no basis for entering a judgment of acquittal or ordering a new trial.

## CONCLUSION

For the foregoing reasons, the Court denies Ismail's motion for a judgment of acquittal, or alternatively, a new trial [141].

Dated: November 25, 2019

_____
SARA L. ELLIS
United States District Judge

8